UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAWRENCE JOHNSON

  Plaintiff,

-VS-

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, PERFECTION COLLECTION LLC, and MOUNTAIN RUN SOLUTIONS LLC,
  Defendants.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

# COMPLAINT

Plaintiff, Lawrence Johnson (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Experian Information Solutions, Inc. (hereinafter "Experian"), Trans Union LLC (hereinafter "Trans Union"), Perfection Collection LLC (hereinafter "Perfection"), Mountain Run Solutions LLC (hereinafter "Mountain Run") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* and **15 U.S.C. § 1692 *et. seq.***

2. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

3. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

5. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

6. The Plaintiff is a natural person and resident of the State of Texas, residing in Dallas County, Texas.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692(a)(3).

8. Plaintiff is an "alleged debtor."

9. Upon information and belief, Experian is a corporation incorporated under the State of Ohio, authorized to do business in the State of Texas through its registered agent office located at CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201.

10. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Upon information and belief, Trans Union is a corporation incorporated under the State of Delaware, authorized to do business in the State of Texas through its registered agent office located at The Prentice-Hall Corporation System, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

13. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

15. Upon Information and belief, Perfection is a corporation with its principal place of business located at 313 E. 1200 Street, Suite 102, Orem, UT 84058 and which conducts business in the State of Texas.

16. Perfection is a corporation attempting to collect an alleged obligation which arises out of personal, family or household transactions.

17. Perfection is a corporation attempting to collect an alleged consumer debt from the Plaintiff.

18. Perfection is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

19. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

20. Upon Information and belief, Mountain Run is a corporation with its principal place of business located at 313 E. 1200 Street, Suite 102, Orem, UT 84058 and which conducts business in the State of Texas.

21. Mountain Run is a corporation attempting to collect an alleged obligation which arises out of personal, family or household transactions.

22. Mountain Run is a corporation attempting to collect an alleged consumer debt from the Plaintiff.

23. Mountain Run is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

24. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

## FACTUAL ALLEGATIONS

25. Plaintiff is a natural person who is alleged to owe a debt to Vivint Smart Home, Inc. (hereinafter "Vivint")

26. Upon information and belief, in November 2017, Perfection and Mountain Run, purchased/acquired the alleged debt from Vivint and began attempting to collect the alleged debt.

27. Plaintiff became aware of the account in question in or around January 2020 when Plaintiff went to apply for a car loan with Bank of America.

28. Plaintiff does not owe the alleged debt to Vivint.

29. In or around January 2020, Plaintiff verbally disputed the alleged debt with Perfection and Mountain Run.

30. Plaintiff requested account information from Perfection and Mountain Run, and was denied access.

31. To date, Perfection and Mountain Run, continue to verify to both Experian and Trans Union that the fraudulent debt belongs to Plaintiff.

32. To date, Perfection and Mountain Run have failed to report the proper information on Plaintiff's credit reports despite having been given ample notice of its error.

33. In or about February 2020 and July 2020, the Plaintiff mailed a written dispute letter to Defendant, Experian, concerning the fraudulent reporting.

34. Upon information and belief, in or about February 2020 and July 2020, Experian notified Mountain Run of the dispute.

35. Upon information and belief, in or about February 2020 and July 2020, Mountain Run verified the alleged debt and continued to report the account on Plaintiff's Experian Credit Report.

36. In or about February 2020 and July 2020, Defendant, Experian, responded to Plaintiff's dispute stating that the alleged debt would remain on Plaintiff's Credit Report, as "the company that reported the information had certified to Experian that the information is accurate."

37. Experian kept the fraudulent account and inaccurate information on Plaintiff's credit report despite being notified that Plaintiff did not owe the alleged debt.

38. To date, Experian has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

39. In or about February 2020 and July 2020, the Plaintiff mailed a written dispute letter to Defendant, Trans Union, concerning the fraudulent reporting.

40. Upon information and belief, in or about February 2020 and July 2020, Trans Union notified Perfection of the dispute.

41. Upon information and belief, in or about February 2020 and July 2020, Perfection verified the alleged debt and continued to report the account on Plaintiff's Trans Union Credit Report.

42. In or about February 2020 and July 2020, Defendant, Trans Union, responded to Plaintiff's dispute stating that the alleged debt was "Verified as Accurate: The disputed item was verified as accurate."

43. Trans Union kept the fraudulent account and inaccurate information on Plaintiff's credit report despite being notified that Plaintiff did not owe the alleged debt.

44. To date, Trans Union has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

45. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Inability to obtain an automobile financing;

    ii. Lost opportunities to apply for credit while his credit was being negatively affected;

    iii. Loss of time;

    iv. Mental anguish, stress, and other related impairments to the enjoyment of life.

46. All conditions precedent to the filing of this action has occurred.

## CAUSES OF ACTION

### COUNT I
**(Violation of the FCRA – as to Defendant, Experian)**

47. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully set out herein.

48. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

49. As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damage by denial of auto loan; loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

50. Experian's conduct, action, and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 USC 1681o.

51. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT II
**(Violation of the FCRA – as to Defendant, Experian)**

52. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully set out herein.

53. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

54.     As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damage by denial of auto loan; loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

55.     Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 USC § 1681o.

56.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### (Violation of the FCRA – as to Defendant, Trans Union)

57.     The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully set out herein.

58.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

59.     As a result of this conduct, action, and inaction of Trans Union, the Plaintiff suffered damage by denial of auto loan; loss of credit; loss of the ability to purchase and benefit

from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

60. Trans Union's conduct, action, and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 USC 1681o.

61. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violation of the FCRA – as to Defendant, Trans Union)

62. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully set out herein.

63. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

64. As a result of this conduct, action, and inaction of Trans Union, the Plaintiff suffered damage by denial of auto loan; loss of credit; loss of the ability to purchase and benefit

from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

65. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 USC § 1681o.

66. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT V
### (Violation of the FCRA – as to Defendant, Perfection)

67. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully set out herein.

68. Perfection published the Perfection representations to Trans Union, and through Trans Union, to all of Plaintiff's potential lenders on multiple occasions.

69. Perfection violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Perfection's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Vivint representations to the consumer reporting agencies.

70. Perfection violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union after Perfection had been notified that the information was inaccurate.

71. Perfection violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union that Perfection knew was inaccurate.

72. Perfection did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Perfection representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Perfection knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Perfection would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

73. As a result of this conduct, action, and inaction of Perfection, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; denial of car loan; loss of credit; loss of the ability to purchase and benefit from credit; increased interest rate; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

74. Perfection's conduct, action, and inaction as willful, render it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

75. The Plaintiff is entitled to recover costs and attorney's fees from Perfection in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PERFECTION COLLECTION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief.

## COUNT VI
### (Violation of the FDCPA – as to Defendant, Perfection)

76. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully set out herein.

77. At all times relevant to this action Defendant, Perfection, is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

78. Defendant, Perfection, has violated 15 U.S.C. § 1692e(2) by falsely representing the character and legal status of the alleged debt.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PERFECTION COLLECTION LLC, for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## Count VII
### (Violation of the FCRA – as to Defendant, Mountain Run)

79. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully set out herein.

80. Mountain Run published the Mountain Run representations to Experian, and through Experian, to all of Plaintiff's potential lenders on multiple occasions.

81. Mountain Run violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Mountain Run's representation; by failing to review all

relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Vivint representations to the consumer reporting agencies.

82. Mountain Run violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after Mountain Run had been notified that the information was inaccurate.

83. Mountain Run violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian that Mountain Run knew was inaccurate.

84. Mountain Run did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Mountain Run representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Mountain Run knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Mountain Run would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

85. As a result of this conduct, action, and inaction of Mountain Run, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; denial of auto loan; loss of credit; loss of the ability to purchase and benefit from credit; increased interest rate; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

86. Mountain Run's conduct, action, and inaction as willful, render it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87. The Plaintiff is entitled to recover costs and attorney's fees from Mountain Run in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, MOUNTAIN RUN SOLUTIONS LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VIII
### (Violation of the FDCPA – as to Defendant, Mountain Run)

88. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully set out herein.

89. At all times relevant to this action Defendant, Mountain Run, is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

90. Defendant, Mountain Run, has violated 15 U.S.C. § 1692e(2) by falsely representing the character and legal status of the alleged debt.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, MOUNTAIN RUN SOLUTIONS, LLC, for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Jason R. Derry, Esquire*

Jason R. Derry, Esquire
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
lstokes@ForThePeople.com
*Attorney for Plaintiff*

**/s/ William W. Holtz**
William W. Holtz, Esquire
Texas Bar No.: 24092533
Holtz Law Firm
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (832) 746-4041
Facsimile: (713) 467-1399
Primary Email: wholtz@holtzleagal.com
*Local Counsel for Plaintiff*